**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
CLYDE LACY RATTLER,                )
                                   )
            Plaintiff,             )
                                   )
     v.                            )   Civil Action No. 11-729 (EGS)
                                   )
SECRETARY OF HEALTH AND            )
HUMAN SERVICES,                    )
                                   )
            Defendant.             )
_____)

**MEMORANDUM OPINION**

This case is before the Court on defendant Secretary of Health and Human Services' motion to dismiss. Plaintiff, proceeding *pro se*, filed a complaint against the Secretary of Health and Human Services on April 15, 2011. In the complaint, plaintiff alleges that he filed a claim for Social Security benefits in 1983, which was denied, and that he is entitled to such benefits because of his mental and physical impairments. *See* Compl. ¶¶ 5-6, 8. He requests that the Court award him "a check for the amount of an unlimited sum of money[,] supernatural power[,] the right . . . to do as he wish[es] and the right . . . to be awarded benefits on this claim in this case as many times as [he] wish[es]." *Id.* ¶ 11. Plaintiff asserts that he is entitled to this relief because the Secretary of Health and Human Services breached "an express or implied term of contract." *Id.* ¶¶ 1, 9. In a motion for additional relief filed with the Court

on August 18, 2011, and apparently based on the same claim articulated in the complaint, plaintiff additionally seeks an order from the Court "compel[l]ing the human race to go naked for eternity[.]"  Mot. Additional Relief at 1.

The allegations in plaintiff's complaint are virtually identical to the allegations that were made by plaintiff in *Rattler v. Secretary of Health and Human Services*, No. 10-1484 (D.D.C. filed Aug. 31, 2010).  Plaintiff's complaint in that action was dismissed for being frivolous, *see Rattler v. Secretary of Health and Human Services*, 736 F. Supp. 2d 1 (D.D.C. 2010), and the decision was affirmed on appeal, *see* 405 F. App'x 504 (D.C. Cir. 2010).  Because plaintiff's claim has been litigated previously, *res judicata* prevents plaintiff from re-litigating the same claim in the instant action.  *See Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) ("The appeal process is available to correct error; subsequent litigation is not.").

Moreover, there is no legal basis under the Social Security Act for a person who has been denied benefits to sue the Social Security Administration for breach of an express or implied contract.  The sole basis for challenging a denial of benefits is set forth in 42 U.S.C. § 405(g).  The punitive and compensatory damages that plaintiff seeks also are not available under the Social Security Act.  *See* Def.'s Mot. Dismiss at 3 (citing 42

U.S.C. §§ 401-434); *Talanker v. Barnhart*, 487 F. Supp. 2d 149, 160 (E.D.N.Y. 2007) ("[T]here is no legal basis under the Constitution or the Social Security Act to grant plaintiff punitive or compensatory damages." (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424-29 (1988))).

Although this Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court finds that plaintiff's claim is barred by the doctrine of *res judicata* and that there is no legal basis for plaintiff's claim.

Accordingly, defendant's motion to dismiss is **GRANTED**. In addition, the motion for additional relief is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:** **Emmet G. Sullivan**
**United States District Court Judge**
**August 30, 2011**